IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NATIONSTAR MORTGAGE LLC,         :
                                 :
         Plaintiff,              :
                                 :
     v.                          : Civil Action No. 23-723-RGA
                                 :
GEORGE LEON MCCAULEY, et al.     :
                                 :
         Defendants.             :

George Leon McCauley, Sabrina Lynn McCauley, Sarah McCauley, Doug McCauley, and Erin McCauley, Milton, Delaware.  Pro Se Defendants.

**MEMORANDUM OPINION**

January ___, 2024
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Defendants George Leon McCauley, Sabrina Lynn McCauley, Sarah McCauley, Doug McCauley, and Erin McCauley filed a notice of removal on June 30, 2023, of *Nationstar Mortgage LLC v. McCauley*, Case No. S22L-05-010 (Del. Super. Ct.). (D.I. 1). Defendants appear *pro se* and Sabrina Lynn McCauley has been granted leave to proceed *in forma pauperis*. (D.I. 8). Defendants have filed a motion to seal and to amend the case caption. The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

On May 19, 2022, Plaintiff Nationstar Mortgage filed its complaint in a foreclosure action in Delaware Superior Court. *Nationstar*, Case No. S22L-05-010, at BL-1.[1] The Complaint named as Defendants "George L. McCauley aka George Leon McCauley and Seeds of Hope Christian Ministry Trust." *Id.* It became apparent that George L. McCauley was deceased, and by June 22, 2022, Sabrina Lynn McCauley was actively litigating, as the purported executrix of his estate. *Id.* at BL-12. On January 13, 2023, the Superior Court granted Plaintiff's motion to amend the complaint, *id.* at BL-77, and, on February 16, 2023, the amended complaint was accepted and docketed, adding the above-listed Defendants "out of an abundance of caution" as the heirs to George L. McCauley's estate, *id.* at BL-78. Defendants received the amended complaint on April 1, 2023, and May 2, 2023, respectively. *Id.* at BL-103, 104. The case remains pending, but is ostensibly stayed in light of Defendants' June 30, 2023 removal.

---

[1] The Court has access to the Superior Court docket via Bloomberg Law. "BL" is how Bloomberg Law refers to docket entries.

1

## DISCUSSION

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a), which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441(a). Section 1441(a) and § 1446 both provide that the action may be removed by the defendant to the district court of the United States. *Id.* §§ 1441(a), 1446. The removal statutes are strictly construed, and require remand to state court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

Defendants bear the burden of showing the timeliness of removal under § 1446(b). *See Mims v. 84 Lumber Co.*, 2013 WL 4775306, at *2 (D. Del. Sept. 6, 2013) (citing *Scearce v. 3M Co.*, 2013 WL 2156060, at *3 (D.N.J. May 16, 2013)). Section 1446(b) provides, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If the basis for removal is not set forth in the initial pleading, however, a defendant must remove within thirty days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

Accordingly, when grounds for removal arise in the initial pleading, an action must be removed within thirty days of receipt of the initial pleading. If, however, the initial pleading does not give rise to grounds for removal, then the thirty days begins to

2

run after receipt of a subsequent document setting forth grounds that warrant removal. See Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000).

Assuming, arguendo, that the grounds for removal did not arise until the amended complaint was filed, Defendants' June 30, 2023 notice of removal was untimely as it was not filed within 30 days of their receipt of the amended complaint (on April 1, 2023, and May 2, 2023). See 28 U.S.C. § 1446(b)(1). On that basis, this Court must remand the matter to state court.

Defendants have requested to seal the case. (D.I. 5). This request will be denied. There is a "strong presumption of openness [which] does not permit the routine closing of judicial records to the public." Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (internal citation omitted). Defendants have not met the "heavy burden" of showing that "disclosure will work a clearly defined and serious injury" to them, Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984), or that closure is "essential to preserve higher values and is narrowly tailored to serve that interest," Globe Newspaper Co. v. Superior Court for Norfolk Cnty., 457 U.S. 596, 606, (1982).

## CONCLUSION

For the above reasons, the Court will summarily remand this matter to the Delaware Superior Court. The motion to seal will be denied and the motion to amend the case caption will be dismissed as moot.

An appropriate Order will be entered.